# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **Josellande VALBRUN-BADJIE and Falley BADJIE,**<br><br>*Plaintiffs*,<br><br>v.<br><br>MICHAEL J. KLINGER, Director, Detroit Field Office, United States Citizenship and Immigration Services;<br><br>ACTING DIRECTOR, Texas Service Center, United States Citizenship and Immigration Services;<br><br>Rose Kendrick, Director, NATIONAL BENEFITS CENTER, UNITED STATES CITZENSHIP AND IMMIGRATION SERVICES;<br><br>JOSEPH B. EDLOW, Director, United States Citizenship And Immigration Services.<br><br>    *Defendants*. | **Case No.    2:26-cv-11969**<br><br>Hon. Judge<br><br>Mag. Judge |

## PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF

## I.  INTRODUCTION

1.  This is an action brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq.*, ("APA") seeking to compel Defendant USCIS to complete the administrative agency process and render a final adjudication of Plaintiffs' I-130 Petition for Alien Relative (hereinafter "I-130 Petition"), initially filed with the Agency on November 8, 2024. To date, the defendants have failed to conduct an interview or to adjudicate Plaintiffs' I-130 petition. Plaintiffs seek to have this honorable Court impose a date-certain deadline for adjudication of their pending I-130 petition.

## II.  PARTIES

2.  Plaintiff Ms. Josellande VALBRUN-BADJIE, a naturalized U.S. citizen since 2013, was born in Bombardopolis, Haiti and is married to Plaintiff Mr. Falley BADJIE. Plaintiff Josellande VALBRUN-BADJIE filed an I-130 Petition for Alien Spouse on behalf of her husband, Plaintiff Falley BADJIE, on November 8, 2024 – more than nineteen (19) months ago. Ms. VALBRUN-BADJIE resides with her husband, Plaintiff Falley BADJIE, in Redford, Wayne County, Michigan.

3.  Plaintiff Falley BADJIE is a citizen and national of The Gambia. He is married to U.S. citizen Ms. Josellande VALBRUN-BADJIE. Plaintiff Falley BADJIE is the Beneficiary of a pending I-130 Petition for Alien Relative filed on

2

his behalf by his wife, Plaintiff Josellande VALBRUN-BADJIE. Plaintiffs Josellande VALBRUN-BADJIE and Falley BADJIE live together in Redford, Wayne County, Michigan.

4.    Defendant Michael Klinger is Director of the USCIS Detroit Field Office. Among other responsibilities, the Detroit Field Office conducts interviews for immigrant visa petitions filed by U.S. citizens such as the I-130 Petition for Alien Relative filed by Plaintiff Josellande VALBRUN-BADJIE on behalf of her husband, Plaintiff Falley BADJIE, on November 8, 2024. Based on Plaintiffs' domicile in Redford, Michigan, interviews should be conducted at and a decision rendered by the Detroit Field Office. Defendant Klinger is sued in his official capacity.

5.    Acting Director of the USCIS Texas Service Center ("TSC"). Among other responsibilities, the TSC adjudicates immigrant visa petitions filed by U.S. citizens such as the I-130 Petition for Alien Relative filed with the TSC by Plaintiff Josellande VALBRUN-BADJIE on behalf of her husband, Plaintiff Falley BADJIE, on November 8, 2024. The Acting Director of the TSC is sued in their official capacity.

6.    Defendant Rose Kendrick is Director of the USCIS National Benefits Center ("NBC"). Among other responsibilities, the NBC processes adjustment of status applications filed by eligible asylees such as the I-485 Application for

3

Adjustment of Status filed by Plaintiff. Defendant Rose Kendrick is sued in her official capacity.

7.     Defendant Joseph Edlow is Director of USCIS. In this role, Defendant Edlow directs the administration of USCIS which oversees the adjudication of immigration benefits and establishes and implements governing policies. Defendant Edlow is responsible for USCIS' policies, practices, and procedures, which includes the delegated personnel who should *complete* adjudication of Plaintiffs' I-130 petition. Defendant Edlow is sued in his official capacity.

8.     Defendant USCIS is a component of the Defendant DHS, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including immigrant I-130 petitions, and it is the agency that has failed to complete the administrative process on Plaintiffs' still-pending I-130 Petition.

### III.    JURISDICTION

9.     This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4

10.     This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

11.     Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiffs are aggrieved by adverse agency action in this case and this court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13).

12.     The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

## IV.  VENUE

13.     Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), because this is a civil action in which the Defendants are agencies of the United States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which Defendant Michael Klinger, Director of the USCIS Detroit Field Office, should conduct Plaintiffs' I-130 interviews and should complete the agency process and render a final decision, this action is

5

brought in the judicial district where Plaintiff resides, and all Defendants can be reached by service of process.

## V.    **STANDING**

14.    Plaintiffs have constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiffs have been and continue to be injured by the ongoing failure of Defendants to timely adjudicate their properly filed I-130 Petition for Alien Relative, pending since November 8, 2024.

## VI.    **FACTUAL ALLEGATIONS**

15.    Plaintiff Josellande VALBRUN-BADJIE was born in 1990 in Bombardopolis, Haiti, and was naturalized as a U.S. citizen in 2013. She resides in Redford, Michigan. **EXHIBIT A**.

16.    Plaintiff Falley BADJIE was born in 1982 in Lamin, Gambia, has resided in the U.S. since 1998, and his current home address is with his wife in Redford, Michigan. **EXHIBIT B**.

17.     Plaintiff Josellande VALBRUN-BADJIE married Plaintiff Falley BADJIE on December 21, 2022, in Dearborn, Wayne County, Michigan. **EXHIBIT C**.

18.     On November 8, 2024, Plaintiff Josellande VALBRUN-BADJIE properly filed an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Falley BADJIE. This I-130 petition was received by the USCIS Texas Service Center and assigned Receipt No. IOE0928598915. **EXHIBIT D**.

19.     As of the filing date of this mandamus suit, the USCIS online case status shows only that I-130 Petition IOE0928598915 was received. It remains pending with any further action by Defendants. **EXHIBIT E**.

20.     As a spouse of a United States citizen, pursuant to INA § 201(b)(2)(A)(i), there is no need to wait for an immigrant visa number to become available. Pursuant to the statute, "immediate relatives," including a spouse, are "aliens not subject to direct numerical limitations." 8 U.S.C. § 1151(b)(2)(A)(i).

21.     As an immediate relative, Mr. Falley BADJIE is eligible for immediate adjudication of the I-130 Petition for Alien Relative filed by his U.S. citizen wife, Plaintiff Josellande VALBRUN-BADJIE. However, Defendants have failed to render final adjudication of Plaintiffs' properly filed I-130 Petition.

## VII.   **IRREPARABLE INJURY**

22.     Adjudication of this pending I-130 provides Plaintiff BADJIE a path to lawful status for which he is *prima facie* eligible and which would preserve family unity. The failure of USCIS to *complete* the administrative agency action regarding Plaintiffs' I-130 Petition within a reasonable time causes Plaintiffs Josellande VALBRUN-BADJIE and Farris BADJIE to suffer irreparable injury.

## VIII.  **EXHAUSTION**

23.     Plaintiffs Josellande VALBRUN-BADJIE and Farris BADJIE have exhausted all available administrative remedies that can provide the relief they seek. There are no further administrative remedies available to Plaintiffs.

## IX.    **FIRST CAUSE OF ACTION – Writ of Mandamus**

24.     Plaintiffs re-allege and incorporate paragraphs 1 through 23 above.

25.     Mandamus is available when three requirements are met: "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). *See also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.").

26.     Plaintiffs have a clear right to the relief requested. U.S. citizen Plaintiff Josellande VALBRUN-BADJIE's I-130 Petition for Alien Relative on behalf of her husband Plaintiff Falley BADJIE was received by USCIS on November 8, 2024.

27.     Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to <u>complete</u> the administrative agency action on Plaintiffs' pending I-130 within a reasonable time. This includes both interview and adjudication.

28.     Furthermore, <u>8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that an immigration benefit application should be completed not later than 180 days after the initial filing.</u>

29.     Defendants have failed to issue a decision on Plaintiffs' I-130 Petition.

30.     The Sixth Circuit has concluded that, "8 U.S.C. § 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." So even though an "unreasonably delayed" analysis does not rise and fall on a statutory deadline, we are mindful that Congress has expressed that immigration-benefit applications should be adjudicated within six months." *Garcia v. United States Dep't of Homeland Sec.*, 25 F.4th 430, 454 (6th Cir. 2022).

31.   Plaintiffs have now waited far longer than the maximum 180 days allowed by statute. Plaintiffs have been prejudiced by this delay.

32.   Regarding average adjudication times – in that case specifically for delayed U Visa applications – the *Garcia* Court stated that "[t]he average adjudication time says little about the unreasonableness of USCIS's delay in Plaintiffs' case; this number also does not alter how most (if not all) U-visa adjudications might be unreasonably delayed. We find it unhelpful to fixate on the average snail's pace when comparing snails against snails in a snails' race." *Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th at 454.

33.   Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiffs' I-130 Petition.

34.   No other adequate remedy is available. Plaintiffs have submitted correspondence attempting to understand and to expedite the continued delay.

## X.     SECOND CAUSE OF ACTION – Administrative Procedures Act

35.   Plaintiffs re-allege and incorporate paragraphs 1 through 23.

36.   The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1), provides the Court with authority to "compel agency action unlawfully withheld or unreasonably delayed." *Garcia v. United States Dep't of*

*Homeland Sec.*, 25 F.4th 430, 451 (6th Cir. 2022). As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the <u>completion</u> of administrative agency action within a reasonable time, not merely a right to have the agency take some action at all." *Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) and *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

37. The APA also provides this Court with the authority to hold unlawful and set aside agency action that, *inter alia,* is found to be: "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, <u>or failure to act</u>." 5 U.S.C. § 551(13) (emphasis added).

38. When a petitioner/plaintiff "seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004).

39. Furthermore, "[a] claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should

not typically be resolved at that stage." *Garcia v. United States Dep't of Homeland Sec.*, 25 F.4th at 451, *citing Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021).

40.    Defendants have a duty under the APA to make a final decision "within a reasonable amount of time." 5 U.S.C. § 555(b).

41.    To determine whether the agency's delay is unreasonable, this Court must apply the six "TRAC" factors enumerated in *Telecomms Research & Action v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Telukunta v. Mayorkas*, Case No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." *Id., quoting In re Core Comms., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decisions must be governed by a 'rule of reason.'" *TRAC*, 750 F.2d at 80. USCIS traditionally reviews applications on a first-in, first-out basis. The current administration has purportedly instituted last-in first-out (LIFO) adjudication of asylum applications, and whether LIFO is being applied to other USCIS adjudications is unclear. In any case, Plaintiffs have waited far longer than the statutorily-imposed 180 day time period, and this factor favors Plaintiffs.  "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third factor the Court must consider that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare

12

are at stake.'" *Telukunta*, No-21-10372, at 3, quoting *TRAC*, 750 F.2d at 80. These factors favor plaintiffs. The properly filed I-130 and prima facie eligibility to adjust status provide Plaintiff BADJIE with a viable form of relief from removal. Potential separation from his wife Ms. VALBRUN-BADJIE renders these human health and welfare factors in Plaintiffs' favor.

42.     Defendant's "failure to act" on Plaintiffs' properly filed I-130 Petition is arbitrary, capricious, and not in accordance with the law, regulations, or USCIS policy. 5 U.S.C. § 551(13).

43.     Plaintiffs have exhausted their administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained withholding of required action on the I-130 Petition properly filed on Plaintiff Falley BADJIE's behalf by his U.S. citizen wife, Plaintiff Josellande VALBRUN-BADJIE.

44.     Plaintiffs respectfully request that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

## XI.     CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES

45.     Plaintiffs re-allege and incorporate by reference paragraphs 1 to 23.

46.    Defendants' litigation position defending agency failure to complete the administrative agency action and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiffs are entitled to reasonable attorney's fees under EAJA.

## XII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to <u>complete</u> all agency action and render a <u>FINAL</u> adjudication of Plaintiffs' I-130 Petition by a date certain; and

3. Award Plaintiffs reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 12th day of June, 2026.

<u>/s/ *Glenn Eric Sproull*</u>
GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com
***Attorney for Plaintiffs***